WILLIAM R. WHEATON *vs.* JOSIAH D. NELSON & another.

A defendant who has pleaded a delivery of goods to the plaintiff, both by way of payment and in set-off, need not elect at the trial whether he will introduce his evidence as proof of payment or of set-off. But he cannot give in evidence a settlement at which certain sums not specified in his answer were received by the plaintiff in discharge of his claim, either as an accord and satisfaction or as a payment.

ACTION OF CONTRACT on the common counts. The defendants denied all the allegations in the declaration, and averred that they delivered to the plaintiff certain goods, which they relied on both in their answer by way of payment and also in a declaration in set-off.

At the trial in the court of common pleas, the defendants proved the delivery of those goods, and offered to prove an accord and satisfaction in June 1855. The plaintiff objected that the defendants must elect whether they would introduce their evidence in proof of payment or of set-off, and that the defence of accord and satisfaction was not open under their answer.

*Briggs,* J. ruled that the defendants need not make such election; but could not rely on the defence of accord and satisfaction; yet allowed them, against the plaintiff's objection, to introduce evidence of a settlement in June 1855, when it was agreed that certain goods, not mentioned in the answer, were received by the plaintiff towards payment of his claim. The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*I. Sumner & C. F. Bennett,* for the plaintiff.

*S. W. Bowerman,* for the defendants.

THOMAS, J.   The court ruled rightly that the defendants were not bound to elect whether they would use the evidence of goods and moneys received by the plaintiff in payment or set-off.   The defences were not inconsistent.

The court ruled rightly that the defence of accord and satisfaction was not open under the answer of the defendants.

But the admission of evidence of the negotiation in June 1855, so far as it refers to goods not mentioned in the answer, was, we think, in violation of this rule.

Whether regarded as evidence of accord and satisfaction for the balance, or evidence of payment of that balance, it is not embraced in and was not admissible under the answer. For this reason the exceptions must be sustained and a new trial had in the court of common pleas.